# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
02/24/2021
CT Log Number 539103575

TO:     Dennis Sheehan, Law Department
        Foot Locker Inc.
        330 West 34th Street
        New York, NY 10001

RE:     **Process Served in California**

FOR:    Foot Locker Retail, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KEVIN JOHNSON, etc., and on behalf of all others similarly situated, Pltf. vs. FOOT LOCKER RETAIL, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CGC21589180 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/24/2021 at 01:41 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780111444646 |
| | Image SOP |
| | Email Notification,  Dennis Sheehan  dsheehan@footlocker.com |
| | Email Notification,  James Schnittger  JSCHNITTGER@footlocker.COM |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Feb 24, 2021

**Server Name:**     GERARDO MARTINEZ

Entity Served          FOOT LOCKER RETAIL, INC.

Agent Name            C T CORPORATION SYSTEM

Case Number           CGC-21-589180

Jurisdiction             CA



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

ORIGINAL

By Fax

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FOOT LOCKER RETAIL, INC. d/b/a Champs US, a New York corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN JOHNSON, as an individual and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Francisco<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-21-589180** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee (SBN 228175)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071, 213-488-6555

| DATE:<br>*(Fecha)* | FEB 1 0 2021 | **CLERK OF THE COURT** Clerk, by<br>*(Secretario)* | CAROLYN BALISTRERI | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Foot Locker Retail, INC. d/b/A Champs US, a New York corporation.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 2-24-2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1    Larry W. Lee (State Bar No. 228175)
2    Max W. Gavron (State Bar No. 291697)
     **DIVERSITY LAW GROUP, P.C.**
3    515 S. Figueroa Street, Suite 1250
     Los Angeles, CA 90071
4    (213) 488-6555
     (213) 488-6554 facsimile
5

6    Attorneys for Plaintiff and the Class

7

**ENDORSED**
**FILED**
*San Francisco County Superior Court*

JAN 1 9 2021

CLERK OF THE COURT
BY: ANGELICA SUNGA
Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| 10   KEVIN JOHNSON, as an individual and on<br>11   behalf of all others similarly situated, | Case No.: **CGC-21-589180** |
| 12            Plaintiffs, | **CLASS ACTION COMPLAINT FOR**<br>**DAMAGES FOR:** |
| 13 | |
| 14        vs. | (1) **VIOLATION OF LABOR CODE §§ 226.7**<br>      **AND 512;** |
| 15   FOOT LOCKER RETAIL, INC. d/b/a<br>     Champs US, a New York corporation; | (2) **VIOLATION OF LABOR CODE §§ 510**<br>      **AND 1194;** |
| 16   and DOES 1 through 50, inclusive, | (3) **VIOLATION OF LABOR CODE §§ 201,**<br>      **202, 203, AND 204;** |
| 17           Defendants. | (4) **VIOLATION OF LABOR CODE § 226(a);** |
| 18 | (5) **VIOLATION OF BUSINESS AND**<br>      **PROFESSIONS CODE § 17200, *ET SEQ.*;**<br>      **AND** |
| 19 | |
| 20 | **DEMAND OVER $25,000.00** |

21       Plaintiff Kevin Johnson ("Plaintiff"), hereby submits this Class Action Complaint against

22   Defendant Foot Locker Retail, Inc. d/b/a Champs US, a New York corporation, and Does 1-50

23   (hereinafter collectively referred to as "Defendants"), as an individual and on behalf of the Class

24   of all other similarly situated current and former employees of Defendants for penalties and/or

25   damages for failure to provide off-duty meal periods, pay overtime wages owed for all hours

26   worked and at the correct rate of pay, pay all wages owed upon separation of employment, and

27   provide accurate, itemized wage statement under California Labor Code statutes, and restitution

28   for unfair business practices in violation of Business and Professions Code § 17200, *et seq.*, as

1   follows:

2   **INTRODUCTION**

3       1.    This class action is within the Court's jurisdiction under California Labor Code

4   §§ 201-204, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the California Industrial Welfare

5   Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"),

6   codified at California Business and Professions Code § 17200, *et seq.*

7       2.    This Complaint challenges systemic illegal employment practices resulting in

8   violations of the California Labor Code and Business and Professions Code against employees of

9   Defendants.

10       3.    Plaintiff is informed and believes and based thereon alleges that Defendants

11   jointly and severally have acted intentionally and with deliberate indifference and conscious

12   disregard to the rights of all employees by failing to provide meal periods within the time periods

13   allotted by the law, failing to pay overtime wages for all hours worked and at the correct rate of

14   pay, failing to pay all wages owed upon separation of employment, and failing to keep accurate

15   records as to Plaintiff and the Class.

16       4.    Plaintiff is informed and believes and based thereon alleges that Defendants have

17   engaged in, among other things a system of willful violations of the California Labor Code,

18   Business and Professions Code and applicable IWC Wage Orders by creating and maintaining

19   policies, practices and customs that knowingly deny employees the above stated rights and

20   benefits.

21       5.    The policies, practices and customs of defendants described above and below

22   have resulted in unjust enrichment of Defendants and an unfair business advantage over

23   businesses that routinely adhere to the strictures of the California Labor Code and the California

24   Business and Professions Code.

25   **JURISDICTION AND VENUE**

26       6.    The Court has jurisdiction over the violations of the California Labor Code

27   §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, and the UCL.

28       7.    Venue is proper in San Francisco County because Defendants are located in San

2

CLASS ACTION COMPLAINT

1  | Francisco County and Plaintiff performed his duties in San Francisco County.

2  | **PARTIES**

3  | 8.      Plaintiff was employed by Defendants as a sales associate from about November

4  | 2017 until on or about July 31, 2020. Plaintiff worked as an hourly, non-exempt employee.

5  | 9.      Plaintiff was and is the victim of the policies, practices, and customs of

6  | Defendants complained of in this action in ways that have deprived him of the rights guaranteed

7  | by California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the

8  | applicable IWC Wage Orders, and the UCL.

9  | 10.     Plaintiff is informed and believes and based thereon alleges that Defendant Foot

10 | Locker Retail, Inc. d/b/a Champs US was and is a New York corporation.  Defendant operates

11 | retail shoe and clothing stores throughout California.

12 | 11.     Plaintiff is informed and believes and based thereon alleges that at all times herein

13 | mentioned Defendants and Does 1 through 50 are and were business entities, individuals, and

14 | partnerships, licensed to do business and actually doing business in the State of California.

15 | 12.     As such, and based upon all the facts and circumstances incident to Defendants'

16 | business in California, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7,

17 | 510, 512, 558, 1194, and 2698, *et seq.*, the IWC Wage Orders, and the UCL.

18 | 13.     Plaintiff does not know the true names or capacities, whether individual, partner

19 | or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason,

20 | said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

21 | complaint when the true names and capacities are known. Plaintiff is informed and believes and

22 | based thereon alleges that each of said fictitious Defendants were responsible in some way for

23 | the matters alleged herein and proximately caused Plaintiff and members of the general public

24 | and class to be subject to the illegal employment practices, wrongs and injuries complained of

25 | herein.

26 | 14.     At all times herein mentioned, each of said Defendants participated in the doing

27 | of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

28 | Defendants, and each of them, were the agents, servants and employees of each of the other

3

1  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

2  acting within the course and scope of said agency and employment.

3      15.     Plaintiff is informed and believes and based thereon alleges that at all times

4  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

5  joint venturer of, or working in concert with each of the other co-defendants and was acting

6  within the course and scope of such agency, employment, joint venture, or concerted activity. To

7  the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

8  remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

9  Defendants.

10     16.     At all times herein mentioned, Defendants, and each of them, were members of,

11  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

12  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13     17.     At all times herein mentioned, the acts and omissions of various Defendants, and

14  each of them, concurred and contributed to the various acts and omissions of each and all of the

15  other Defendants in proximately causing the injuries and damages as herein alleged. At all times

16  herein mentioned, Defendants, and each of them, ratified each and every act or omission

17  complained of herein. At all times herein mentioned, the Defendants, and each of them, aided

18  and abetted the acts and omissions of each and all of the other Defendants in proximately causing

19  the damages as herein alleged.

20                          **CLASS ACTION ALLEGATIONS**

21     18.     **Definition:** The named individual Plaintiff seeks class certification, pursuant to

22  California Code of Civil Procedure § 382, of all current and former non-exempt employees of

23  Defendants in the State of California at any time from July 19, 2016, through the present (the

24  "Class"). Plaintiff also seeks to certifying the following sub-classes:

25          a.     All current and former non-exempt employees of Defendants in the State

26                 of California, who worked more than 5 hours in any shift at any time from

27                 July 19, 2016, through the present (the "Meal Period Class");

28          b.     All current and former non-exempt employees of Defendants in the State

4

of California, who earned overtime during their employment at any time from July 19, 2016, to the present (the "Overtime Class");

c.    All former non-exempt employees of Defendants in the State of California, who were paid sick pay wages and non-discretionary incentives such as bonuses/commissions during the same workweek at any time from July 19, 2017, through the present (the "Sick Pay Class");

d.    All current and former non-exempt employees of Defendants in the State of California who were paid ComDOT wages at anytime from July 19, 2019, through the present ("The ComDOT Wage Statement Class"); and

e.    All current and former non-exempt employees of Defendants in the State of California who were paid OvtAdjStr wages at anytime from July 19, 2019, through the present ("The OvtAdjStr Wage Statement Class").

19.    **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff alleges that Defendants: (a) failed to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b) failed to pay overtime wages for all hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c) failed to pay all wages owed upon separation of employment, in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-discretionary wages, including, but not limited to, bonuses/commissions during the same workweek; (d) failed to provide accurate, itemized wage statements, in violation of Labor Code § 226(a); and (e) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the applicable IWC Wage Orders.

20.    **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and

1  individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions

2  in the past and currently have a number of wage-and-hour class actions pending in California

3  courts.

4       21.    Defendants uniformly administered a corporate policy, practice of: (a) failing to

5  provide timely and full-length meal breaks to employees who worked 5 hours or longer in one

6  shift, in violation of Labor Code §§ 226.7 and 512; (b) failing to pay overtime wages for all

7  hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c)

8  failing to pay all wages owed upon separation of employment, in violation of Labor Code §§

9  201-204 when employees were paid sick pay wages and non-discretionary wages, including, but

10  not limited to, bonuses/commissions during the same workweek; (d) failing to provide accurate,

11  itemized wage statements, in violation of Labor Code § 226(a); and (e) engaging in Unfair

12  Business Practices in violation of the UCL, the California Labor Code, including without

13  limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the

14  applicable IWC Wage Orders.

15       22.    **Common Question of Law and Fact:** There are predominant common questions

16  of law and fact and a community of interest amongst Plaintiff and the claims of the Class

17  concerning Defendants: (a) failing to provide timely and full-length meal breaks to employees

18  who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b)

19  failing to pay overtime wages for all hours worked and at the correct rate of pay, in violation of

20  Labor Code §§ 510 and 1194; (c) failing to pay all wages owed upon separation of employment,

21  in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-

22  discretionary wages, including, but not limited to, bonuses/commissions during the same

23  workweek; (d) failing to provide accurate, itemized wage statements, in violation of Labor Code

24  § 226(a); and (e) engaging in Unfair Business Practices in violation of the UCL, the California

25  Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246,

26  510, 512, and 1194, and the applicable IWC Wage Orders.

27       23.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

28  Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical

6

CLASS ACTION COMPLAINT

1    manner as the Class members. As with other non-exempt employees, because of staffing issues,

2    Plaintiff and other employees were routinely denied meal breaks, and/or required to take them

3    after the 5th hour of work or were required to return to work before being allowed to take a full

4    30 minutes for a meal breaks.  As a pattern and practice, Defendants controlled the schedule of

5    Plaintiff's work shifts and break times. Thus, Plaintiff is owed meal period premiums. Moreover,

6    like other non-exempt employees, Plaintiff regularly received non-discretionary incentive wages

7    and bonuses/commissions. During weeks when Plaintiff earned both sick pay wages and non-

8    discretionary wages, the non-discretionary wages were not calculated into the regular rate of pay

9    for purposes of paying sick pay and thus not paid upon his separation of employment in violation

10   of Labor Code §§ 201–203. Defendants also failed to properly calculate and pay overtime wages.

11   For example, for the pay period ending February 8, 2020, Plaintiff's regular rate of pay was

12   $17.5920. However, during the same pay period, Plaintiff's overtime rate of pay was paid at

13   $26.3080, which is less than 1.5 times the regular rate of pay. As another example, for the pay

14   period ending February 1, 2020, while Plaintiff's regular rate of pay was also $17.5920,

15   Plaintiff's overtime was paid at $26.3520, which is also less than 1.5 times the regular rate of

16   pay.  Given that Defendants willfully failed to pay Plaintiff and Class members all wages owed,

17   Defendants are liable for waiting time penalties pursuant to Labor Code §§ 201, 202, and 203.

18   Furthermore, Plaintiff was not provided proper and accurate itemized wage statements

19   identifying accurate overtime rates of pay, and gross and net wages earned.  As independent

20   violations of Labor Code § 226, whenever ComDOT hours were shown on Plaintiff's and the

21   Class's wage statements, the wage statements issued by Defendants double counted the hours

22   worked causing the total hours worked to be an inaccurate number. Further, whenever OvtAdjStr

23   wages are paid, the wage statements failed to identify the applicable hourly rate and hours used

24   to calculate such wages. As such, Plaintiff is a member of the Class and has suffered the alleged

25   violations of California Labor Code §§ 201-204,, 226, 226.7, 510, 512, 558, and 1194, and the

26   applicable IWC Wage Orders.

27        24. The California Labor Code and upon which Plaintiff bases these claims is broadly

28   remedial in nature. These laws and labor standards serve an important public interest in

7

**CLASS ACTION COMPLAINT**

1   establishing minimum working conditions and standards in California. These laws and labor

2   standards protect the average working employee from exploitation by employers who may seek

3   to take advantage of superior economic and bargaining power in setting onerous terms and

4   conditions of employment.

5          25. The nature of this action and the format of laws available to Plaintiff and members of

6   the Class identified herein make the class action format a particularly efficient and appropriate

7   procedure to redress the wrongs alleged herein. If each employee were required to file an

8   individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage

9   since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff

10  with Defendants' vastly superior financial and legal resources. Requiring each Class member to

11  pursue an individual remedy would also discourage the assertion of lawful claims by employees

12  who would be disinclined to file an action against their former and/or current employer for real

13  and justifiable fear of retaliation and permanent damage to their careers at subsequent

14  employment.

15         26. The prosecution of separate actions by the individual class members, even if possible,

16  would create a substantial risk of (a) inconsistent or varying adjudications with respect to

17  individual Class members against Defendants and which would establish potentially

18  incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to

19  individual Class members which would, as a practical matter, be dispositive of the interest of the

20  other Class members not parties to the adjudications or which would substantially impair or

21  impede the ability of the Class members to protect their interests. Further, the claims of the

22  individual members of the Class are not sufficiently large to warrant vigorous individual

23  prosecution considering all of the concomitant costs and expenses.

24         27. Such a pattern, practice and uniform administration of corporate policy regarding

25  illegal employee compensation described herein is unlawful and creates an entitlement to

26  recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid wages,

27  including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit

28  according to the mandate of California Labor Code §§ 203, 218.5, 226, and 1194, the applicable

8

CLASS ACTION COMPLAINT

1  IWC Wage Orders, and Code of Civil Procedure § 1021.5.

2      28. Proof of a common business practice or factual pattern, which the named Plaintiff

3  experienced and is representative of, will establish the right of each of the members of the Class

4  to recovery on the causes of action alleged herein.

5      29. The Class is commonly entitled to a specific fund with respect to the compensation

6  illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of

7  those funds being improperly withheld by Defendants. This action is brought for the benefit of

8  the entire class and will result in the creation of a common fund.

9  **FIRST CAUSE OF ACTION**

10  **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

11  **(BY PLAINTIFF, THE CLASS, AND THE MEAL PERIOD CLASS AGAINST ALL**

12  **DEFENDANTS)**

13      30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though

14  fully set forth herein.

15      31. At all relevant times, Defendants failed in their affirmative obligation to ensure that

16  Plaintiff and Class members had the opportunity to take and were provided with timely, off-duty

17  meal periods in accordance with the mandates of the California Labor Code and the applicable

18  IWC Wage Order. At all relevant times, Plaintiff and Class members were suffered and

19  permitted to work through legally required meal breaks and were denied the opportunity to

20  timely take their off-duty meal breaks. This included, without limitation, Defendants requiring

21  Plaintiff and Class members to take meal breaks after the 5th hour of work, and/or requiring

22  Plaintiff and the Class to end their meal periods short because of inadequate staffing. As such,

23  Defendants are responsible for paying premium compensation for missed meal periods pursuant

24  to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate

25  policy and procedure, regularly failed to pay such premium compensation for each meal period

26  Plaintiff and the Class members missed.

27      32. At all relevant times, Plaintiff and Class members regularly worked in excess of five

28  (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked

1   in excess of five (5) hours.

2       33. Such a pattern, practice and uniform administration of corporate policy as described

3   herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class members

4   identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation

5   pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including

6   interest thereon, penalties, and costs of suit.

7       34. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful

8   failure to provide all meal period premium wages due and owing to Plaintiff and Class Members

9   upon separation from employment results in a continued payment of wages up to thirty (30) days

10   from the time the wages were due. Therefore, Plaintiff and other members of the Class who have

11   separated from employment are entitled to compensation pursuant to Labor Code § 203.

12   <u>**SECOND CAUSE OF ACTION**</u>

13   **VIOLATION OF LABOR CODE §§ 510 AND 1194**

14   **(BY PLAINTIFF, THE CLASS, AND THE OVERTIME CLASS AGAINST ALL**

15   **DEFENDANTS)**

16       35. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though

17   fully set forth herein.

18       36. This cause of action is brought pursuant to Labor Code § 510, which requires an

19   employer to pay employees overtime at a rate of one and one-half the employee's regular rate of

20   pay for any work in excess of eight hours in a workday or forty hours in a workweek.

21       37. As a pattern and practice, Defendants suffered and permitted employees to work in

22   excess of eight hours in a workday and/or over forty hours in a workweek without proper

23   overtime pay. During workweeks when Plaintiff and Class members worked overtime,

24   Defendants failed to properly calculate the overtime rate of pay for purposes of paying overtime.

25   Specifically, Defendants failed to pay overtime at 1.5 times the regular rate of pay. As a result of

26   such policy and practice, Defendants underpaid overtime wages to Plaintiff and the Class and

27   thus owe additional overtime wages.

28       38. Such a pattern, practice, and uniform administration of corporate policy regarding

10

1   illegal employee compensation as described herein is unlawful and creates an entitlement to

2   recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

3   damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

4   to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

5          39. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful

6   failure to provide all overtime wages due and owing to Plaintiff and Class Members upon

7   separation from employment results in a continued payment of wages up to thirty (30) days from

8   the time the wages were due. Therefore, Plaintiff and other members of the Class who have

9   separated from employment from Defendants are entitled to compensation pursuant to Labor

10  Code § 203.

11                          **THIRD CAUSE OF ACTION**

12            **VIOLATION OF LABOR CODE §§ 201, 202, 203, AND 204**

13        **(BY PLAINTIFF, THE CLASS, AND THE SICK PAY CLASS AGAINST ALL**

14                              **DEFENDANTS)**

15         40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though

16  fully set forth herein.

17         41. Labor Code § 201 provides that all wages earned and unpaid at the time of an

18  employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the

19  case of an employee who resigns or quits, such wages must be paid not later than 72 hours

20  thereafter, unless the employee has given 72 hours previous notice, in which case the employee

21  must be paid all wages due and earned at the time of quitting. Labor Code § 203 further provides

22  that an employer who willfully fails to pay such wages due to an employee who is discharged or

23  quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days

24  until all of the wages owed are paid.

25         42. Labor Code § 246 provides that an employee is entitled to receive sick time pay.  The

26  employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time for

27  nonexempt employees shall be calculated in the same manner as the regular rate of pay for the

28  workweek in which the employee uses paid sick time, whether or not the employee actually works

1  overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated
2  by dividing the employee's total wages, not including overtime premium pay, by the employee's
3  total hours worked in the full pay periods of the prior 90 days of employment."

4      43. Whenever Defendants paid Plaintiff and the Class sick time pursuant to California
5  Labor Code § 246, Defendants did so at the incorrect rate of pay.  Defendants paid Plaintiff and
6  the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which
7  would take into account all non-discretionary bonuses/commissions, or by dividing the employees'
8  total wages, not including overtime premium pay, by the employees' total hours worked in the full
9  pay periods of the prior 90 days of employment, as required by Labor Code § 246.  This resulted
10 in the employees being underpaid for sick time, and resulted in violations of California Labor Code
11 §§ 201, 202, 203, and 204 and other derivative Labor Code violations, because Defendants did not
12 pay, or timely pay, Plaintiff and the Class all owing and unpaid wages for work performed by them
13 during their employment and at the end of their employment.

14      44. Defendants willfully failed to pay Plaintiff and the Class Members all their wages
15 due, as alleged hereinabove and hereinafter, upon the termination of their employment within the
16 times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time
17 penalty.  Plaintiff and the Class Members are entitled to recover from Defendants the statutory
18 penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day
19 maximum pursuant to California Labor Code § 203.

20                          **FOURTH CAUSE OF ACTION**
21                      **VIOLATION OF LABOR CODE § 226(a)**
22      **(BY PLAINTIFF, THE CLASS, THE COMDOT WAGE STATEMENT CLASS, AND**
23        **THE OVTADJSTR WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**
24      45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though
25 fully set forth herein.

26      46. Defendants failed in their affirmative obligation to provide accurate itemized wage
27 statements. Defendants, as a matter of policy and practice, did not provide accurate records in
28 violation of Labor Code § 226(a) by failing to provide accurate payroll records for Plaintiff and

                                    12

1   the Class.

2        47. Here, Plaintiff and the Class were paid hourly. As such, the wage statements should

3   have reflected the applicable hourly rates of pay, and gross and net wages earned, pursuant to

4   Labor Code § 226(a)(1), (5), and (9). However, the wage statements provided to Plaintiff and the

5   Class failed to identify such information, including accurate rates of pay for overtime wages and

6   gross and net wages earned, as a result of the violations described above.

7        48. As independent violations of Labor Code § 226(a), whenever ComDOT hours were

8   shown on Plaintiff's and the Class's wage statements, the wage statements issued by Defendants

9   double counted the hours worked causing the total hours worked to be an inaccurate number.

10  Further, whenever OvtAdjStr wages are paid, the wage statements failed to identify the

11  applicable hourly rate and hours used to calculate such wages.

12       49. Such a pattern, practice and uniform administration of corporate policy as described

13  herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified

14  herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including

15  interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor

16  Code § 226.

17                              **FIFTH CAUSE OF ACTION**

18          **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

19               **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

20       50. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though

21  fully set forth herein.

22       51. Defendants, and each of them, have engaged and continue to engage in unfair and

23  unlawful business practices in California by practicing, employing and utilizing the employment

24  practices outlined above, include, to wit, by: (a) failing to provide timely and full-length meal

25  breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code

26  §§ 226.7 and 512; (b) failing to pay overtime wages for all hours worked and at the correct rate

27  of pay, in violation of Labor Code §§ 510 and 1194. These violations amounted to unfair and

28  unlawful business practices.

1     52. Defendants' utilization of such unfair and unlawful business practices constitutes

2 unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

3     53. Plaintiff seeks, individually and on behalf of other members of the Class similarly

4 situated, full restitution of monies, as necessary and according to proof, to restore any and all

5 monies withheld, acquired and/or converted by the Defendants by means of the unfair practices

6 complained of herein.

7     54. Plaintiff is informed and believes, and based thereon alleges, that at all times herein

8 mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

9 proscribed by California Business and Professions Code § 17200, *et seq.*, including those set

10 forth herein above thereby depriving Plaintiff and other members of the Class the minimum

11 working condition standards and conditions due to them under the California laws and the

12 applicable IWC Wage Orders as specifically described therein.

13 **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others

15 that this suit is brought against Defendants, jointly and severally, as follows:

16     1.    For an order certifying the proposed Class and sub-classes;

17     2.    For an order appointing Plaintiff as the representative of the Class as described

18 herein;

19     3.    For an order appointing counsel for Plaintiff as Class counsel;

20     4.    Upon the First Cause of Action, for damages and/or penalties pursuant to

21 California Labor Code §§ 201-203, 226.7, and 512, and for costs and attorneys' fees;

22     5.    Upon the Second Cause of Action, for damages and/or penalties pursuant to

23 statute as set forth in California Labor Code §§ 201-203, 510, 558, and 1194, and for costs and

24 attorneys' fees;

25     6.    Upon the Third Cause of Action, for damages and/or penalties pursuant to

26 California Labor Code §§ 201-203, 204, and 246, and for costs and attorneys' fees;

27     7.    Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as

28 set forth in California Labor Code § 226(a), and for costs and attorneys' fees;

14

8.      Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*, for the time periods described above;

9.      On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

10.      For such other and further relief as the Court may deem just and proper.

DATED: January 13, 2021                    DIVERSITY LAW GROUP, P.C.


By: _____
         Larry W. Lee
         Max W. Gavron
         Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Larry W. Lee (State Bar No. 228175) Max Gavron (SBN 291697)
DIVERSITY LAW GROUP
515 S. Figueroa Street, Suite 1250
Los Angeles, California 90071
TELEPHONE NO.: (213) 488-6555     FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Kevin Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Division

**ENDORSED**
**FILED**
*San Francisco County Superior Court*

JAN 1 9 2021

CLERK OF THE COURT
BY: ANGELICA SUNGA
Deputy Clerk

CASE NAME:
Kevin Johnson v. Parsable, Inc. v. Foot Locker Retail, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-21-589180 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [✓] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 13, 2021
Larry W. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

COPY

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CASE NUMBER: CGC-21-589180  KEVIN JOHNSON VS. FOOT LOCKER RETAIL, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**   JUN-23-2021
>
> **TIME:**   10:30AM
>
> **PLACE:**   **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | |
|---|---|
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____<br><br>**DEPARTMENT 610** |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐     **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐     **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐     **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐     **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐     **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐     Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  10/18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

 CT Corporation

**Service of Process Transmittal**
03/22/2021
CT Log Number 539253408

TO:     Dennis Sheehan, Law Department
        Foot Locker Inc.
        330 West 34th Street
        New York, NY 10001

RE:     **Process Served in California**

FOR:    Foot Locker Retail, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KEVIN JOHNSON, etc., and on behalf of all others similarly situated, Pltf. vs. FOOT LOCKER RETAIL, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CGC21589180 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 03/22/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780119138552 |
| | Image SOP |
| | Email Notification,  Dennis Sheehan  dsheehan@footlocker.com |
| | Email Notification,  James Schnittger  JSCHNITTGER@footlocker.COM |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 CT Corporation

**Service of Process
Transmittal**
03/22/2021
CT Log Number 539253408

**TO:**   Dennis Sheehan, Law Department
Foot Locker Inc.
330 West 34th Street
New York, NY 10001

**RE:**   **Process Served in California**

**FOR:**   Foot Locker Retail, Inc.  (Domestic State: NY)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 02/24/2021 | Dennis Sheehan, Law Department Foot Locker Inc. | 539103575 |

stamps

$1.600
US POSTAGE
FIRST CLASS
062S0005756097
90071

8063'79.15

Foot Locker Retail, Inc.
d/b/a Champs US
c/o CT Corporation System
818 West 7th St., Suite 930
Los Angeles, CA 90017

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

515 S. FIGUEROA STREET, SUITE 1250
LOS ANGELES, CALIFORNIA 90071

1  Larry W. Lee (State Bar No. 228175)
   Max W. Gavron (State Bar No. 291697)
2  **DIVERSITY LAW GROUP, P.C.**
3  515 S. Figueroa Street, Suite 1250
   Los Angeles, CA 90071
4  (213) 488-6555
   (213) 488-6554 facsimile
5
6  Attorneys for Plaintiff and the Class

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN FRANCISCO**

10 | KEVIN JOHNSON, as an individual and on | Case No.: CGC-21-589180
11 | behalf of all others similarly situated, |
   |                                          | **FIRST AMENED CLASS ACTION**
12 |              Plaintiffs,                 | **COMPLAINT FOR DAMAGES FOR:**
13 |                                          |
   |                 vs.                      | (1) **VIOLATION OF LABOR CODE §§ 226.7**
14 |                                          |     **AND 512;**
15 | FOOT LOCKER RETAIL, INC. d/b/a           | (2) **VIOLATION OF LABOR CODE §§ 510**
   | Champs US, a New York corporation;       |     **AND 1194;**
16 | and DOES 1 through 50, inclusive,        | (3) **VIOLATION OF LABOR CODE §§ 201,**
   |                                          |     **202, 203, AND 204;**
17 |              Defendants.                 | (4) **VIOLATION OF LABOR CODE § 226(a);**
18 |                                          | (5) **VIOLATION OF BUSINESS AND**
   |                                          |     **PROFESSIONS CODE § 17200, *ET SEQ.*;**
19 |                                          |     **AND**
20 |                                          | (6) **VIOLATION OF LABOR CODE § 2698,**
   |                                          |     ***ET SEQ.***
21 |                                          | **DEMAND OVER $25,000.00**

22      Plaintiff Kevin Johnson ("Plaintiff"), hereby submits this First Amended Class Action

23 Complaint against Defendant Foot Locker Retail, Inc. d/b/a Champs US, a New York

24 corporation, and Does 1-50 (hereinafter collectively referred to as "Defendants"), as an

25 individual and on behalf of the Class of all other similarly situated current and former employees

26 of Defendants for penalties and/or damages for failure to provide off-duty meal periods, pay

27 overtime wages owed for all hours worked and at the correct rate of pay, pay all wages owed

28 upon separation of employment, and provide accurate, itemized wage statement under California

                                           1

                        **FIRST AMENDED CLASS ACTION COMPLAINT**

Labor Code statutes, restitution for unfair business practices in violation of Business and Professions Code § 17200, *et seq.*, and violation of the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, et seq., as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of Defendants.

3.      Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide meal periods within the time periods allotted by the law, failing to pay overtime wages for all hours worked and at the correct rate of pay, failing to pay all wages owed upon separation of employment, and failing to keep accurate records as to Plaintiff and the Class.

4.      Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.      The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the violations of the California Labor Code

2

§§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, and the UCL.

7.      Venue is proper in San Francisco County because Defendants are located in San Francisco County and Plaintiff performed his duties in San Francisco County.

**PARTIES**

8.      Plaintiff was employed by Defendants as a sales associate from about November 2017 until on or about July 31, 2020. Plaintiff worked as an hourly, non-exempt employee.

9.      Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the applicable IWC Wage Orders, and the UCL.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant Foot Locker Retail, Inc. d/b/a Champs US was and is a New York corporation.  Defendant operates retail shoe and clothing stores throughout California.

11.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and Does 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the IWC Wage Orders, and the UCL.

13.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.     At all times herein mentioned, each of said Defendants participated in the doing

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the
2  Defendants, and each of them, were the agents, servants and employees of each of the other
3  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were
4  acting within the course and scope of said agency and employment.

5       15.     Plaintiff is informed and believes and based thereon alleges that at all times
6  material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or
7  joint venturer of, or working in concert with each of the other co-defendants and was acting
8  within the course and scope of such agency, employment, joint venture, or concerted activity. To
9  the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the
10 remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting
11 Defendants.

12      16.     At all times herein mentioned, Defendants, and each of them, were members of,
13 and engaged in, a joint venture, partnership and common enterprise, and acting within the course
14 and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15      17.     At all times herein mentioned, the acts and omissions of various Defendants, and
16 each of them, concurred and contributed to the various acts and omissions of each and all of the
17 other Defendants in proximately causing the injuries and damages as herein alleged. At all times
18 herein mentioned, Defendants, and each of them, ratified each and every act or omission
19 complained of herein. At all times herein mentioned, the Defendants, and each of them, aided
20 and abetted the acts and omissions of each and all of the other Defendants in proximately causing
21 the damages as herein alleged.

22                                 **CLASS ACTION ALLEGATIONS**

23      18.     **Definition:** The named individual Plaintiff seeks class certification, pursuant to
24 California Code of Civil Procedure § 382, of all current and former non-exempt employees of
25 Defendants in the State of California at any time from July 19, 2016, through the present (the
26 "Class"). Plaintiff also seeks to certifying the following sub-classes:

27                a.     All current and former non-exempt employees of Defendants in the State
28                        of California, who worked more than 5 hours in any shift at any time from

4

FIRST AMENDED CLASS ACTION COMPLAINT

1    July 19, 2016, through the present (the "Meal Period Class");

2    b.    All current and former non-exempt employees of Defendants in the State

3          of California, who earned overtime during their employment at any time

4          from July 19, 2016, to the present (the "Overtime Class");

5    c.    All former non-exempt employees of Defendants in the State of

6          California, who were paid sick pay wages and non-discretionary

7          incentives such as bonuses/commissions during the same workweek at any

8          time from July 19, 2017, through the present (the "Sick Pay Class");

9    d.    All current and former non-exempt employees of Defendants in the State

10         of California who were paid ComDOT wages at anytime from July 19,

11         2019, through the present ("The ComDOT Wage Statement Class"); and

12   e.    All current and former non-exempt employees of Defendants in the State

13         of California who were paid OvtAdjStr wages at anytime from July 19,

14         2019, through the present ("The OvtAdjStr Wage Statement Class").

15   19.   **Numerosity and Ascertainability:** The members of the Class are so numerous

16   that joinder of all members would be impractical, if not impossible. The identity of the members

17   of the Class is readily ascertainable by review of Defendants' records, including payroll records.

18   Plaintiff alleges that Defendants: (a) failed to provide timely and full-length meal breaks to

19   employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and

20   512; (b) failed to pay overtime wages for all hours worked and at the correct rate of pay, in

21   violation of Labor Code §§ 510 and 1194; (c) failed to pay all wages owed upon separation of

22   employment, in violation of Labor Code §§ 201-204 when employees were paid sick pay wages

23   and non-discretionary wages, including, but not limited to, bonuses/commissions during the

24   same workweek; (d) failed to provide accurate, itemized wage statements, in violation of Labor

25   Code § 226(a); and (e) engaged in Unfair Business Practices in violation of the UCL, the

26   California Labor Code, including without limitation California Labor Code §§ 201-204, 226,

27   226.7, 246, 510, 512, and 1194, and the applicable IWC Wage Orders.

28   20.   **Adequacy of Representation:** The named Plaintiff is fully prepared to take all

5

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   necessary steps to represent fairly and adequately the interests of the Class defined above.

2   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and

3   individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions

4   in the past and currently have a number of wage-and-hour class actions pending in California

5   courts.

6          21.     Defendants uniformly administered a corporate policy, practice of: (a) failing to

7   provide timely and full-length meal breaks to employees who worked 5 hours or longer in one

8   shift, in violation of Labor Code §§ 226.7 and 512; (b) failing to pay overtime wages for all

9   hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c)

10  failing to pay all wages owed upon separation of employment, in violation of Labor Code §§

11  201-204 when employees were paid sick pay wages and non-discretionary wages, including, but

12  not limited to, bonuses/commissions during the same workweek; (d) failing to provide accurate,

13  itemized wage statements, in violation of Labor Code § 226(a); and (e) engaging in Unfair

14  Business Practices in violation of the UCL, the California Labor Code, including without

15  limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the

16  applicable IWC Wage Orders.

17         22.     **Common Question of Law and Fact:** There are predominant common questions

18  of law and fact and a community of interest amongst Plaintiff and the claims of the Class

19  concerning Defendants: (a) failing to provide timely and full-length meal breaks to employees

20  who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b)

21  failing to pay overtime wages for all hours worked and at the correct rate of pay, in violation of

22  Labor Code §§ 510 and 1194; (c) failing to pay all wages owed upon separation of employment,

23  in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-

24  discretionary wages, including, but not limited to, bonuses/commissions during the same

25  workweek; (d) failing to provide accurate, itemized wage statements, in violation of Labor Code

26  § 226(a); and (e) engaging in Unfair Business Practices in violation of the UCL, the California

27  Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246,

28  510, 512, and 1194, and the applicable IWC Wage Orders.

FIRST AMENDED CLASS ACTION COMPLAINT

23.     **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As with other non-exempt employees, because of staffing issues, Plaintiff and other employees were routinely denied meal breaks, and/or required to take them after the 5th hour of work or were required to return to work before being allowed to take a full 30 minutes for a meal breaks.  As a pattern and practice, Defendants controlled the schedule of Plaintiff's work shifts and break times. Thus, Plaintiff is owed meal period premiums. Moreover, like other non-exempt employees, Plaintiff regularly received non-discretionary incentive wages and bonuses/commissions. During weeks when Plaintiff earned both sick pay wages and non-discretionary wages, the non-discretionary wages were not calculated into the regular rate of pay for purposes of paying sick pay and thus not paid upon his separation of employment in violation of Labor Code §§ 201–203. Defendants also failed to properly calculate and pay overtime wages. For example, for the pay period ending February 8, 2020, Plaintiff's regular rate of pay was $17.5920. However, during the same pay period, Plaintiff's overtime rate of pay was paid at $26.3080, which is less than 1.5 times the regular rate of pay. As another example, for the pay period ending February 1, 2020, while Plaintiff's regular rate of pay was also $17.5920, Plaintiff's overtime was paid at $26.3520, which is also less than 1.5 times the regular rate of pay.  Given that Defendants willfully failed to pay Plaintiff and Class members all wages owed, Defendants are liable for waiting time penalties pursuant to Labor Code §§ 201, 202, and 203. Furthermore, Plaintiff was not provided proper and accurate itemized wage statements identifying accurate overtime rates of pay, and gross and net wages earned.  As independent violations of Labor Code § 226, whenever ComDOT hours were shown on Plaintiff's and the Class's wage statements, the wage statements issued by Defendants double counted the hours worked causing the total hours worked to be an inaccurate number. Further, whenever OvtAdjStr wages are paid, the wage statements failed to identify the applicable hourly rate and hours used to calculate such wages. As such, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-204,, 226, 226.7, 510, 512, 558, and 1194, and the applicable IWC Wage Orders.

24.     The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid wages,

8

1  including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit

2  according to the mandate of California Labor Code §§ 203, 218.5, 226, and 1194, the applicable

3  IWC Wage Orders, and Code of Civil Procedure § 1021.5.

4      28.     Proof of a common business practice or factual pattern, which the named Plaintiff

5  experienced and is representative of, will establish the right of each of the members of the Class

6  to recovery on the causes of action alleged herein.

7      29.     The Class is commonly entitled to a specific fund with respect to the

8  compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to

9  restitution of those funds being improperly withheld by Defendants. This action is brought for

10  the benefit of the entire class and will result in the creation of a common fund.

11  **FIRST CAUSE OF ACTION**

12  **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

13  **(BY PLAINTIFF, THE CLASS, AND THE MEAL PERIOD CLASS AGAINST ALL**

14  **DEFENDANTS)**

15      30.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as

16  though fully set forth herein.

17      31.     At all relevant times, Defendants failed in their affirmative obligation to ensure

18  that Plaintiff and Class members had the opportunity to take and were provided with timely, off-

19  duty meal periods in accordance with the mandates of the California Labor Code and the

20  applicable IWC Wage Order. At all relevant times, Plaintiff and Class members were suffered

21  and permitted to work through legally required meal breaks and were denied the opportunity to

22  timely take their off-duty meal breaks. This included, without limitation, Defendants requiring

23  Plaintiff and Class members to take meal breaks after the 5th hour of work, and/or requiring

24  Plaintiff and the Class to end their meal periods short because of inadequate staffing. As such,

25  Defendants are responsible for paying premium compensation for missed meal periods pursuant

26  to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate

27  policy and procedure, regularly failed to pay such premium compensation for each meal period

28  Plaintiff and the Class members missed.

9

FIRST AMENDED CLASS ACTION COMPLAINT

32.    At all relevant times, Plaintiff and Class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

33.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

34.    Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium wages due and owing to Plaintiff and Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 510 AND 1194

### (BY PLAINTIFF, THE CLASS, AND THE OVERTIME CLASS AGAINST ALL DEFENDANTS)

35.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36.    This cause of action is brought pursuant to Labor Code § 510, which requires an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or forty hours in a workweek.

37.    As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over forty hours in a workweek without proper overtime pay. During workweeks when Plaintiff and Class members worked overtime, Defendants failed to properly calculate the overtime rate of pay for purposes of paying overtime. Specifically, Defendants failed to pay overtime at 1.5 times the regular rate of pay. As a result of

1    such policy and practice, Defendants underpaid overtime wages to Plaintiff and the Class and

2    thus owe additional overtime wages.

3          38.      Such a pattern, practice, and uniform administration of corporate policy regarding

4    illegal employee compensation as described herein is unlawful and creates an entitlement to

5    recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of

6    damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according

7    to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

8          39.      Plaintiff is informed and believes, and based thereon alleges, that Defendants'

9    willful failure to provide all overtime wages due and owing to Plaintiff and Class Members upon

10   separation from employment results in a continued payment of wages up to thirty (30) days from

11   the time the wages were due. Therefore, Plaintiff and other members of the Class who have

12   separated from employment from Defendants are entitled to compensation pursuant to Labor

13   Code § 203.

14                                **THIRD CAUSE OF ACTION**

15                   **VIOLATION OF LABOR CODE §§ 201, 202, 203, AND 204**

16            **(BY PLAINTIFF, THE CLASS, AND THE SICK PAY CLASS AGAINST ALL**

17                                       **DEFENDANTS)**

18         40.      Plaintiff re-alleges and incorporates by reference the preceding paragraphs as

19   though fully set forth herein.

20         41.      Labor Code § 201 provides that all wages earned and unpaid at the time of an

21   employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the

22   case of an employee who resigns or quits, such wages must be paid not later than 72 hours

23   thereafter, unless the employee has given 72 hours previous notice, in which case the employee

24   must be paid all wages due and earned at the time of quitting. Labor Code § 203 further provides

25   that an employer who willfully fails to pay such wages due to an employee who is discharged or

26   quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days

27   until all of the wages owed are paid.

28         42.      Labor Code § 246 provides that an employee is entitled to receive sick time pay.

                                                11

1  The employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time
2  for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the
3  workweek in which the employee uses paid sick time, whether or not the employee actually works
4  overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated
5  by dividing the employee's total wages, not including overtime premium pay, by the employee's
6  total hours worked in the full pay periods of the prior 90 days of employment."

7        43.     Whenever Defendants paid Plaintiff and the Class sick time pursuant to California
8  Labor Code § 246, Defendants did so at the incorrect rate of pay.  Defendants paid Plaintiff and
9  the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which
10  would take into account all non-discretionary bonuses/commissions, or by dividing the employees'
11  total wages, not including overtime premium pay, by the employees' total hours worked in the full
12  pay periods of the prior 90 days of employment, as required by Labor Code § 246.  This resulted
13  in the employees being underpaid for sick time, and resulted in violations of California Labor Code
14  §§ 201, 202, 203, and 204 and other derivative Labor Code violations, because Defendants did not
15  pay, or timely pay, Plaintiff and the Class all owing and unpaid wages for work performed by them
16  during their employment and at the end of their employment.

17        44.     Defendants willfully failed to pay Plaintiff and the Class Members all their wages
18  due, as alleged hereinabove and hereinafter, upon the termination of their employment within the
19  times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time
20  penalty.  Plaintiff and the Class Members are entitled to recover from Defendants the statutory
21  penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day
22  maximum pursuant to California Labor Code § 203.

23                              **FOURTH CAUSE OF ACTION**
24                          **VIOLATION OF LABOR CODE § 226(a)**
25        **(BY PLAINTIFF, THE CLASS, THE COMDOT WAGE STATEMENT CLASS, AND**
26          **THE OVTADJSTR WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**
27        45.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as
28  though fully set forth herein.

46.     Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a) by failing to provide accurate payroll records for Plaintiff and the Class.

47.     Here, Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the applicable hourly rates of pay, and gross and net wages earned, pursuant to Labor Code § 226(a)(1), (5), and (9). However, the wage statements provided to Plaintiff and the Class failed to identify such information, including accurate rates of pay for overtime wages and gross and net wages earned, as a result of the violations described above.

48.     As independent violations of Labor Code § 226(a), whenever ComDOT hours were shown on Plaintiff's and the Class's wage statements, the wage statements issued by Defendants double counted the hours worked causing the total hours worked to be an inaccurate number. Further, whenever OvtAdjStr wages are paid, the wage statements failed to identify the applicable hourly rate and hours used to calculate such wages.

49.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

50.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

51.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code

13

§§ 226.7 and 512; (b) failing to pay overtime wages for all hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194. These violations amounted to unfair and unlawful business practices.

52.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

53.     Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

54.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 2698, *ET SEQ.*

### (BY PLAINTIFF, ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS)

55.     Plaintiff re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

56.     Plaintiff brings this cause of action as proxies for the State of California and in this capacity, seek penalties on behalf of all Aggrieved Employees from July 19, 2019, through the present, for Defendant's violations of Labor Code sections §§ 201-204, 226, 226.7, 246, 510, 512, 558, 1194, arising from Defendant's failure to provide sick pay at the regular rate of pay, pay all overtime wages for hours worked, provide Labor Code-compliant meal periods, and accurate wage statements.

57.     On or about January 13, 2021, Plaintiff Johnson sent written notice to the California

14

1   Labor & Workforce Development Agency ("LWDA") of Defendant's violations of Labor Code
2   sections §§ 201-204, 226, 226.7, 246, 510, 512, 558, 1194, pursuant to Labor Code sections 2698,
3   *et seq.*, the Private Attorneys General Act ("PAGA"). To date, the LWDA has not responded to
4   Plaintiff Johnson's written notice.

5       58.     As such, pursuant to Labor Code section 2699(a), Plaintiff seek recovery of any
6   and all applicable civil penalties for Defendants' violation of Labor Code sections 201-204, 226,
7   226.7, 246, 510, 512, 558, and 1194 for the time period described above, on behalf of themselves
8   and other Aggrieved Employees.

9                               **PRAYER FOR RELIEF**
10      WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others
11  that this suit is brought against Defendants, jointly and severally, as follows:

12      1.      For an order certifying the proposed Class and sub-classes;

13      2.      For an order appointing Plaintiff as the representative of the Class as described
14  herein;

15      3.      For an order appointing counsel for Plaintiff as Class counsel;

16      4.      Upon the First Cause of Action, for damages and/or penalties pursuant to
17  California Labor Code §§ 201-203, 226.7, and 512, and for costs and attorneys' fees;

18      5.      Upon the Second Cause of Action, for damages and/or penalties pursuant to
19  statute as set forth in California Labor Code §§ 201-203, 510, 558, and 1194, and for costs and
20  attorneys' fees;

21      6.      Upon the Third Cause of Action, for damages and/or penalties pursuant to
22  California Labor Code §§ 201-203, 204, and 246, and for costs and attorneys' fees;

23      7.      Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as
24  set forth in California Labor Code § 226(a), and for costs and attorneys' fees;

25      8.      Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly
26  affected members of the general public of all funds unlawfully acquired by Defendants by means
27  of any acts or practices declared by this Court to be in violation of Business and Professions
28  Code § 17200, *et seq.*, for the time periods described above;

**FIRST AMENDED CLASS ACTION COMPLAINT**

9.    Upon the Sixth Cause of Action, for civil penalties according to proof pursuant to Labor Code sections 226.3, 2698, *et seq.*, and for costs and attorneys' fees;

10.    On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure §, 1021.5; and

11.    For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2021

DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Max W. Gavron
Attorneys for Plaintiff and the Class

16

FIRST AMENDED CLASS ACTION COMPLAINT

1

**PROOF OF SERVICE**

2

**(Code of Civil Procedure Sections 1013a, 2015.5)**

3

4    STATE OF CALIFORNIA               ]
                                       ]ss.
5    COUNTY OF LOS ANGELES             ]

6

7         I am employed in the County of Los Angeles, State of California.  I am over the age of
     18 and not a party to the within action; my business address is 515 S. Figueroa Street, Suite
8    1250, Los Angeles, California 90071.

- 9       On March 19, 2021, I served the following document(s) described as:  **FIRST**
     **AMENED CLASS ACTION COMPLAINT FOR DAMAGES** on the interested parties in this
10   action as follows:

11
                              Foot Locker Retail, Inc.
12                               d/b/a Champs US
                              c/o CT Corporation System
13                            818 West 7th St., Suite 930
                               Los Angele, CA 90017
14                            *Agent for Service of Process*

15

16        ___X___    BY MAIL:  by placing _____ the original or ___X___ a true and correct
     copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the
17   attached mailing list. I am readily familiar with the firm's practice for collection and processing
     of correspondence and other materials for mailing with the United States Postal Service.  On this
18   date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for
     collection and mailing on this date at the address above following our office's ordinary business
19   practices.  The envelope(s) will be deposited with the United States Postal Service on this date,
20   in the ordinary course of business.

21        I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.  Executed on March 19, 2021, at Los Angeles, California.
22

23

24                                                    _____
                                                      Erika Mejía
25

26

27

28

**PROOF OF SERVICE**