Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JOHNSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FOOT LOCKER RETAIL, INC. d/b/a Champs US, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21-cv-02040-WHO<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 226.7 AND 512;**<br>(2) **VIOLATION OF LABOR CODE §§ 510 AND 1194;**<br>(3) **VIOLATION OF LABOR CODE §§ 201, 202, 203, AND 204;**<br>(4) **VIOLATION OF LABOR CODE § 226(a);**<br>(5) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*; AND**<br>(6) **VIOLATION OF LABOR CODE § 2698, *ET SEQ.***<br><br>**DEMAND OVER $25,000.00** |

Plaintiff Kevin Johnson ("Plaintiff"), hereby submits this Second Amended Class Action Complaint against Defendant Foot Locker Retail, Inc. d/b/a Champs US, a New York corporation, and Does 1-50 (hereinafter collectively referred to as "Defendants"), as an individual and on behalf of the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to provide off-duty meal periods, pay overtime wages owed for all hours worked and at the correct rate of pay, pay all wages owed upon separation of employment, and provide accurate, itemized wage statement under California

1

Labor Code statutes, restitution for unfair business practices in violation of Business and Professions Code § 17200, *et seq.*, and violation of the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, et seq., as follows:

## **INTRODUCTION**

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of Defendants.

3. Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide meal periods within the time periods allotted by the law, failing to pay overtime wages for all hours worked and at the correct rate of pay, failing to pay all wages owed upon separation of employment, and failing to keep accurate records as to Plaintiff and the Class.

4. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

## **JURISDICTION AND VENUE**

6. The Court has jurisdiction over the violations of the California Labor Code

§§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, and the UCL.

7.  Venue is proper in San Francisco County because Defendants are located in San Francisco County and Plaintiff performed his duties in San Francisco County.

## PARTIES

8.  Plaintiff was employed by Defendants as a sales associate from about November 2017 until on or about July 31, 2020. Plaintiff worked as an hourly, non-exempt employee.

9.  Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the applicable IWC Wage Orders, and the UCL.

10. Plaintiff is informed and believes and based thereon alleges that Defendant Foot Locker Retail, Inc. d/b/a Champs US was and is a New York corporation. Defendant operates retail shoe and clothing stores throughout California.

11. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and Does 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226, 226.7, 510, 512, 558, 1194, and 2698, *et seq.*, the IWC Wage Orders, and the UCL.

13. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing

1 of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

18. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of all current and former non-exempt employees of Defendants in the State of California at any time from July 19, 2016, through the present (the "Class"). Plaintiff also seeks to certifying the following sub-classes:

    a. All current and former non-exempt employees of Defendants in the State of California, who worked more than 5 hours in any shift at any time from

July 19, 2016, through the present (the "Meal Period Class");

b. All current and former non-exempt employees of Defendants in the State of California, who earned overtime during their employment at any time from July 19, 2016, to the present (the "Overtime Class");

c. All former non-exempt employees of Defendants in the State of California, who were paid sick pay wages and non-discretionary incentives such as bonuses/commissions during the same workweek at any time from July 19, 2017, through the present (the "Sick Pay Class");

d. All current and former non-exempt employees of Defendants in the State of California who were paid ComDOT wages at anytime from July 19, 2019, through the present ("The ComDOT Wage Statement Class"); and

e. All current and former non-exempt employees of Defendants in the State of California who were paid OvtAdjStr wages at anytime from July 19, 2019, through the present ("The OvtAdjStr Wage Statement Class").

19. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff alleges that Defendants: (a) failed to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b) failed to pay overtime wages for all hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c) failed to pay all wages owed upon separation of employment, in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-discretionary wages, including, but not limited to, bonuses/commissions during the same workweek; (d) failed to provide accurate, itemized wage statements, in violation of Labor Code § 226(a); and (e) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the applicable IWC Wage Orders.

20. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all

necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

21.     Defendants uniformly administered a corporate policy, practice of: (a) failing to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b) failing to pay overtime wages for all hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c) failing to pay all wages owed upon separation of employment, in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-discretionary wages, including, but not limited to, bonuses/commissions during the same workweek; (d) failing to provide accurate, itemized wage statements, in violation of Labor Code § 226(a); and (e) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the applicable IWC Wage Orders.

22.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) failing to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b) failing to pay overtime wages for all hours worked and at the correct rate of pay, in violation of Labor Code §§ 510 and 1194; (c) failing to pay all wages owed upon separation of employment, in violation of Labor Code §§ 201-204 when employees were paid sick pay wages and non-discretionary wages, including, but not limited to, bonuses/commissions during the same workweek; (d) failing to provide accurate, itemized wage statements, in violation of Labor Code § 226(a); and (e) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code, including without limitation California Labor Code §§ 201-204, 226, 226.7, 246, 510, 512, and 1194, and the applicable IWC Wage Orders.

23.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As with other non-exempt employees, because of staffing issues, Plaintiff and other employees were routinely denied meal breaks, and/or required to take them after the 5th hour of work or were required to return to work before being allowed to take a full 30 minutes for a meal breaks.  As a pattern and practice, Defendants controlled the schedule of Plaintiff's work shifts and break times. Thus, Plaintiff is owed meal period premiums. Moreover, like other non-exempt employees, Plaintiff regularly received non-discretionary incentive wages and bonuses/commissions. During weeks when Plaintiff earned both sick pay wages and non-discretionary wages, the non-discretionary wages were not calculated into the regular rate of pay for purposes of paying sick pay and thus not paid upon his separation of employment in violation of Labor Code §§ 201–203. Defendants also failed to properly calculate and pay overtime wages. For example, for the pay period ending February 8, 2020, Plaintiff's regular rate of pay was $17.5920. However, during the same pay period, Plaintiff's overtime rate of pay was paid at $26.3080, which is less than 1.5 times the regular rate of pay. As another example, for the pay period ending February 1, 2020, while Plaintiff's regular rate of pay was also $17.5920, Plaintiff's overtime was paid at $26.3520, which is also less than 1.5 times the regular rate of pay.  Given that Defendants willfully failed to pay Plaintiff and Class members all wages owed, Defendants are liable for waiting time penalties pursuant to Labor Code §§ 201, 202, and 203. Furthermore, Plaintiff was not provided proper and accurate itemized wage statements identifying accurate overtime rates of pay, and gross and net wages earned.  As independent violations of Labor Code § 226, whenever ComDOT hours were shown on Plaintiff's and the Class's wage statements, the wage statements issued by Defendants double counted the hours worked causing the total hours worked to be an inaccurate number. Further, whenever OvtAdjStr wages are paid, the wage statements failed to identify the applicable hourly rate and hours used to calculate such wages. As such, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 201-204,, 226, 226.7, 510, 512, 558, and 1194, and the applicable IWC Wage Orders.

24. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid wages,

1  including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit
2  according to the mandate of California Labor Code §§ 203, 218.5, 226, and 1194, the applicable
3  IWC Wage Orders, and Code of Civil Procedure § 1021.5.

4      28. Proof of a common business practice or factual pattern, which the named Plaintiff
5  experienced and is representative of, will establish the right of each of the members of the Class
6  to recovery on the causes of action alleged herein.

7      29. The Class is commonly entitled to a specific fund with respect to the compensation
8  illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of
9  those funds being improperly withheld by Defendants. This action is brought for the benefit of
10 the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.7 AND 512**

**(BY PLAINTIFF, THE CLASS, AND THE MEAL PERIOD CLASS AGAINST ALL DEFENDANTS)**

15     30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though
16 fully set forth herein.

17     31. At all relevant times, Defendants failed in their affirmative obligation to ensure that
18 Plaintiff and Class members had the opportunity to take and were provided with timely, off-duty
19 meal periods in accordance with the mandates of the California Labor Code and the applicable
20 IWC Wage Order. At all relevant times, Plaintiff and Class members were suffered and
21 permitted to work through legally required meal breaks and were denied the opportunity to
22 timely take their off-duty meal breaks. This included, without limitation, Defendants requiring
23 Plaintiff and Class members to take meal breaks after the 5th hour of work, and/or requiring
24 Plaintiff and the Class to end their meal periods short because of inadequate staffing. As such,
25 Defendants are responsible for paying premium compensation for missed meal periods pursuant
26 to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate
27 policy and procedure, regularly failed to pay such premium compensation for each meal period
28 Plaintiff and the Class members missed.

32. At all relevant times, Plaintiff and Class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

33. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

34. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium wages due and owing to Plaintiff and Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510 AND 1194

## (BY PLAINTIFF, THE CLASS, AND THE OVERTIME CLASS AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36. This cause of action is brought pursuant to Labor Code § 510, which requires an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or forty hours in a workweek.

37. As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over forty hours in a workweek without proper overtime pay. During workweeks when Plaintiff and Class members worked overtime, Defendants failed to properly calculate the overtime rate of pay for purposes of paying overtime. Specifically, Defendants failed to pay overtime at 1.5 times the regular rate of pay. As a result of such policy and practice, Defendants underpaid overtime wages to Plaintiff and the Class and

thus owe additional overtime wages.

38. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to provide all overtime wages due and owing to Plaintiff and Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment from Defendants are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 201, 202, 203, AND 204

## (BY PLAINTIFF, THE CLASS, AND THE SICK PAY CLASS AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41. Labor Code § 201 provides that all wages earned and unpaid at the time of an employee's discharge are due and payable immediately. Labor Code § 202 provides that, in the case of an employee who resigns or quits, such wages must be paid not later than 72 hours thereafter, unless the employee has given 72 hours previous notice, in which case the employee must be paid all wages due and earned at the time of quitting. Labor Code § 203 further provides that an employer who willfully fails to pay such wages due to an employee who is discharged or quits must pay that employee waiting-time penalties in the form of a day's wages up to 30 days until all of the wages owed are paid.

42. Labor Code § 246 provides that an employee is entitled to receive sick time pay. The employer shall calculate paid sick leave by using one of two calculations: 1) "Paid sick time for

nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek;" or 2) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

43. Whenever Defendants paid Plaintiff and the Class sick time pursuant to California Labor Code § 246, Defendants did so at the incorrect rate of pay. Defendants paid Plaintiff and the Class Members at the base hourly rate of pay, as opposed to the regular rate of pay, which would take into account all non-discretionary bonuses/commissions, or by dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Labor Code § 246. This resulted in the employees being underpaid for sick time, and resulted in violations of California Labor Code §§ 201, 202, 203, and 204 and other derivative Labor Code violations, because Defendants did not pay, or timely pay, Plaintiff and the Class all owing and unpaid wages for work performed by them during their employment and at the end of their employment.

44. Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty. Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

**(BY PLAINTIFF, THE CLASS, THE COMDOT WAGE STATEMENT CLASS, AND THE OVTADJSTR WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

46. Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage

statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226(a) by failing to provide accurate payroll records for Plaintiff and the Class.

47. Here, Plaintiff and the Class were paid hourly. As such, the wage statements should have reflected the applicable hourly rates of pay, and gross and net wages earned, pursuant to Labor Code § 226(a)(1), (5), and (9). However, the wage statements provided to Plaintiff and the Class failed to identify such information, including accurate rates of pay for overtime wages and gross and net wages earned, as a result of the violations described above.

48. As independent violations of Labor Code § 226(a), whenever ComDOT hours were shown on Plaintiff's and the Class's wage statements, the wage statements issued by Defendants double counted the hours worked causing the total hours worked to be an inaccurate number. Further, whenever OvtAdjStr wages are paid, the wage statements failed to identify the applicable hourly rate and hours used to calculate such wages.

49. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FIFTH CAUSE OF ACTION

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.***

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

50. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

51. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to provide timely and full-length meal breaks to employees who worked 5 hours or longer in one shift, in violation of Labor Code §§ 226.7 and 512; (b) failing to pay overtime wages for all hours worked and at the correct rate

**SECOND AMENDED CLASS ACTION COMPLAINT**

of pay, in violation of Labor Code §§ 510 and 1194.  These violations amounted to unfair and unlawful business practices.

52. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

53. Plaintiff does not have an adequate remedy at law, and therefore seeks relief under the UCL.  Because the statute of limitations of the UCL is four years, it provides Plaintiff an avenue of relief for an additional year of restitution for the lost wages alleged and detailed above.  Without the UCL, Plaintiff would be left without a legal avenue for recovering those lost wages.  *See, e.g., Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 176 (2000) (noting under UCL, courts are authorized to "fashion remedies to prevent, deter, and compensate for unfair business practices" and to restore money to consumers or employees).  Accordingly, Plaintiff seeks restitution through the UCL.

54. Plaintiff also pleads this cause of action in the alternative, as he is permitted to do, at this stage of the proceedings.  *See, e.g., Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) ("in light of *Sonner's* limited applicability to the pleading stage, there is no binding precedent that holds that pleading equitable restitution in the alternative is improper.").  At the appropriate time, Plaintiff will elect the remedy he seeks to pursue.

55. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

56. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

**SECOND AMENDED CLASS ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 2698, *ET SEQ.*

### (BY PLAINTIFF, ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS)

57. Plaintiff re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

58. Plaintiff brings this cause of action as proxies for the State of California and in this capacity, seek penalties on behalf of all Aggrieved Employees from July 19, 2019, through the present, for Defendant's violations of Labor Code sections §§ 201-204, 226, 226.7, 246, 510, 512, 558, 1194, arising from Defendant's failure to provide sick pay at the regular rate of pay, pay all overtime wages for hours worked, provide Labor Code-compliant meal periods, and accurate wage statements.

59. On or about January 13, 2021, Plaintiff Johnson sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violations of Labor Code sections §§ 201-204, 226, 226.7, 246, 510, 512, 558, 1194, pursuant to Labor Code sections 2698, *et seq.*, the Private Attorneys General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff Johnson's written notice.

60. As such, pursuant to Labor Code section 2699(a), Plaintiff seek recovery of any and all applicable civil penalties for Defendants' violation of Labor Code sections 201-204, 226, 226.7, 246, 510, 512, 558, and 1194 for the time period described above, on behalf of themselves and other Aggrieved Employees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others that this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class and sub-classes;

2. For an order appointing Plaintiff as the representative of the Class as described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

**SECOND AMENDED CLASS ACTION COMPLAINT**

4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 226.7, and 512, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in California Labor Code §§ 201-203, 510, 558, and 1194, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 204, and 246, and for costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226(a), and for costs and attorneys' fees;

8. Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*, for the time periods described above;

9. Upon the Sixth Cause of Action, for civil penalties according to proof pursuant to Labor Code sections 226.3, 2698, *et seq.*, and for costs and attorneys' fees;

10. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5; and

11. For such other and further relief as the Court may deem just and proper.

DATED: April 28, 2022                    DIVERSITY LAW GROUP, P.C.


                                         By: /s/ Max W. Gavron
                                             Larry W. Lee
                                             Max W. Gavron
                                         Attorneys for Plaintiff and the Class